1. PERPETUITIES (§ 6*)—SUSPENDING POWER OF ALIENATION.
　　Testator devised the residue of his estate to his wife in trust, to apply the profits to her support and that of three of his children until the youngest of them should become of age, at which time the property was to be sold and the proceeds divided into seven equal parts, one to go to each of his six children and the remainder to his wife. *Held* not invalid, as suspending the power of alienation for more than one life in being.

　　[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. § 4; Dec. Dig. § 6.*]

2. WILLS (§ 686*)—CONSTRUCTION—"YOUNGEST OF MY CHILDREN."
　　Where a will provided that the estate should be held in trust "until the youngest of my children becomes of age," when the property was to be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sold and the proceeds divided, it indicated the youngest of the entire class which survived testator.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1635; Dec. Dig. § 686.*

For other definitions, see Words and Phrases, vol. 8, p. 7557.]

In the Matter of Probate of the Will of John Mikantowicz. Decree rendered.

Mitchell May, for executrix.
A. I. Nova, for John Mikantowicz.
John T. McGovern, special guardian.

KETCHAM, S. The will devises the residue to the testator's wife, in trust for the following purpose:

"To collect and receive all the rents, issues, income and profits thereof and to apply the same for the support and maintenance of herself and my three children now residing with her until the youngest of my children shall have attained the age of twenty-one years. On the arrival at the age of twenty-one years of my youngest child, I direct that my property be sold and converted into cash and the same divided into seven equal parts, one of which shall go to each of my six children and the remainder to my said wife, the issue of any deceased child to take the share which his parent would have received if living."

It is stated in the briefs and assumed as true that the testator left him surviving six children; and it cannot be doubted that the term "the youngest of my children" was intended to indicate the youngest of the entire class which survived the father. This trust suspends the power of alienation only during the minority of a person well designated, viz., the youngest of the testator's children. A minority is deemed a part of a life, and not an absolute term equal to the possible duration of such minority. Real Property Law (Laws 1896, p. 565, c. 547) § 32. The suspension contained in the will was either until the minor who is specified should emerge from minority or should sooner die. Sawyer v. Cubby, 146 N. Y. 192, 197, 40 N. E. 869. This provision is, therefore, valid as a suspension for a period not longer than one life in being. The mere fact, as argued by the special guardian, that during the flux of this minority as many as five of the testator's children could die, by no means indicates that the power of alienation was necessarily suspended during the lives of any one of the five, or for any other period than the single life, which was selected as the standard.

Decreed accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes